UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT LIBBEY,

    Plaintiff,

v.                                       Case No: 2:18-cv-466-FtM-29CM

MICHAEL KOSTERLITZ,

    Defendant.

_____

**OPINION AND ORDER**

This matter came before the Court on an Order directing defendant to provide more information concerning the propriety of removal (Doc. #3) filed on June 4, 2018. On June 9, 2018, defendant Michael Kosterlitz filed a Brief in Response to Court Order. (Doc. #6.) For the reasons set forth herein, the Court remands the matter to state court.

**I.**

On March 9, 2018, plaintiff Robert Libbey ("Libbey" or "plaintiff") brought this action against defendant Michael Kosterlitz ("Kosterlitz" or "defendant") in the Circuit Court for the Twentieth Judicial Circuit in and for Lee County, Florida. (Doc. #2.) Plaintiff's Complaint seeks a declaratory judgment pursuant to Chapter 86 of the Florida Statutes that the title to the TRT Catamaran, Florida #FL3678RL, V.I.N. X0WGOOO3F898 ("the vessel") is good and that he is the sole owner. (Id.) Within the

Complaint it is alleged that plaintiff and defendant entered into an agreement for the purchase of the vessel, but despite plaintiff satisfying his obligations pursuant to the agreement, Kosterlitz failed to provide the original title to plaintiff. (Id.) As a result, plaintiff alleges that he had to take certain additional steps to obtain title, and now requests the Court to declare his title good and that he is the sole owner of the vessel. (Id.)

On June 1, 2018, Kosterlitz removed the matter to the United States District Court for the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1333 and 1441(a). (Doc. #1.) The Notice of Removal states that it "is a civil action involving an action to try title with respect to a vessel and to obtain possession of a vessel, and is therefore subject to the original jurisdiction of this Court pursuant to the Supplemental Rules for Admiralty or Maritime claims and Rule D." (Id. at 2.)

On June 4, 2018, Judge Covington, noting that the notice of removal does not claim federal question jurisdiction pursuant to 28 U.S.C. § 1331 and the civil cover sheet acknowledges that Kosterlitz and Libbey are both citizens of the same state, directed Kosterlitz to provide more information concerning the propriety of removal. (Doc. #3.) On June 9, 2018, Kosterlitz filed a Brief in Response to Court Order Requiring Defendant to Provide More Information Concerning Propriety of Removal. (Doc. #6.)

In defendant's brief, defendant asserts the following reasons that removal of the action is appropriate: (1) the complaint seeks a Florida statutory remedy for title to the vessel, (2) federal courts have exclusive jurisdiction to try title with respect to vessels and to obtain possession of vessels, (3) the complaint does not seek any *in personam* relief from Kosterlitz, (4) the complaint does not allege a general maritime claim, and (5) state circuit courts do not have subject matter jurisdiction to try titles to vessels. (Id. at 1.) On July 3, 2018, the matter was transferred from the Tampa Division to the Fort Myers Division. (Doc. #9.)

**II.**

Section 1333 grants the federal district courts "original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, savings to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). This provision provides federal courts with original jurisdiction over some admiralty matters, and also grants state courts concurrent jurisdiction over other admiralty matters.

Admiralty jurisdiction is exclusive only as to *in rem* proceedings. Madruga v. Superior Ct. of the State of Cal. in and for San Diego County, 346 U.S. 556, 560 (1954). Therefore, if the suit is *in rem*, the plaintiff may *only* bring it in federal court.

However, pursuant to the "savings to suitors" provision, if the admiralty suit is *in personam*, the plaintiff has an option to bring the matter in state court or in federal court, which have concurrent jurisdiction over *in personam* admiralty matters. See Diesel "Repower", Inc. v. Islander Invs. Ltd., 271 F.3d 1318, 1322 (11th Cir. 2001) ("The savings to suitors clause allows an *in personam* action, whether the action is instituted in a state court or in a federal court under diversity jurisdiction or in a federal court under maritime jurisdiction."). Unless there is an independent basis for federal jurisdiction, an *in personam* admiralty matter initially brought in state court cannot be removed to federal court. See Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1069 (9th Cir. 2001) ("Courts have held that saving clause claims brought in state court are not removable under 28 U.S.C. § 1441 absent some other jurisdictional basis, such as diversity or federal question jurisdiction."). Therefore, removal in admiralty cases depends upon whether there is exclusive *in rem* admiralty jurisdiction.

The water can become murky, however, when discerning between *in rem* and *in personam* proceedings. The Supreme Court, in attempting to differentiate between matters *in rem* and *in personam*, stated the following:

> The distinguishing and characteristic feature of . . . [an *in rem*] suit is that the vessel or thing proceeded against is itself seized

>     and impleaded as the defendant, and is judged
>     and sentenced accordingly. It is this
>     dominion of the suit in admiralty over the
>     vessel or thing itself which gives to the
>     title made under its decrees validity against
>     all the world. By the common law process,
>     whether of mesne attachment or execution,
>     property is reached only through a personal
>     defendant, and then only to the extent of his
>     title. Under a sale, therefore, upon a
>     judgment in a common law proceeding the title
>     acquired can never be better than that
>     possessed by the personal defendant. It is
>     his title, and not the property itself, which
>     is sold.

The Moses Taylor, 71 U.S. 411, 427 (1866); see also Madruga, 346 U.S. at 560 ("Admiralty's jurisdiction is 'exclusive' only as to those maritime causes of action begun and carried on as proceedings in rem, that is, where a vessel or thing is itself treated as the offender and made the defendant by name or description in order to enforce a lien." (citation omitted)).

Rule D of the Supplemental Rules for Admiralty or Maritime Claims provides admiralty jurisdiction for "all actions for possession, partition, and to try title maintainable according to the course of the admiralty practice with respect to a vessel." Rule D of the Supplemental Rules for Admiralty or Maritime Claims. Suits to try title, known as petitory actions, are "suits in which it is sought to try the title to a ship independently of any possession of the vessel." Thypin Steel Co. v. Asoma Corp., 215 F.3d 273, 282 n.7 (2d Cir. 2000) (citation omitted). In contrast, possessory actions are "actions to recover vessels or other

property to which an owner, seaman or lienor is of right entitled." Id.

Defendant asserts that plaintiff is bringing a petitory action within the exclusive admiralty jurisdiction of this Court, and therefore removal is proper. (Doc. #6.) However, to bring a petitory or possessory action invoking the remedies set forth in Supplemental Rules for Admiralty or Maritime Claims Rule D, there must be a "maritime question." J.A.R., Inc. v. M/V Lady Lucille, 963 F.2d 96, 99 n.4 (5th Cir. 1992) (noting that the right to bring a possessory or petitory suit requires "the existence of a maritime question" (quoting Silver v. The Sloop Silver Cloud, 259 F. Supp. 187, 191 (S.D.N.Y. 1966)). "[A] contract for the sale of a ship is not a maritime contract." Richard Bertram & Co. v. Yacht Wanda, 447 F.2d 966, 967 (5th Cir. 1971).[1] "A maritime contract is one which concerns transportation by sea, relates to navigable waters and concerns maritime employment." Id. Therefore, despite the title affixed to the claim, "admiralty will not entertain suits where the substantive rights of the parties flow from a contract to sell or construct a vessel." Jones v. One Fifty Foot Gulfstar

---

[1] "[D]ecisions of the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth'), as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit." Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Motor Sailing Yacht, Hull No. 1, 625 F.2d 44, 47 (5th Cir. 1980); see also Yacht Wanda, 447 F.2d at 967-68 ("[W]hether this suit is viewed as one to enforce a security interest or mortgage on a vessel, a suit to try or quiet title, a suit for breach of a contract of sale, or a suit upon a contract to construct a vessel, it is not within the admiralty jurisdiction of this Court.").

The Court finds that although plaintiff requests a declaration that plaintiff has good and sufficient title and is the sole owner of the vessel, the underlying issues surround (1) the vessel's purchase agreement between plaintiff and defendant and (2) the allegations that upon purchase, defendant failed to give plaintiff the original title, forcing plaintiff to take additional steps to obtain legal title. (Doc. #2.) To provide the relief that plaintiff requests, the Court would be required to determine if, how, and when title transferred from defendant to plaintiff under the purchase agreement. The Court finds that this is not within the maritime jurisdiction of the Court, and defendant has not established that there is a separate independent basis for subject matter jurisdiction.

Similar reasoning was discussed by the Fifth Circuit:

> The only reason title over *The Lady Lucille* is at issue is that her purchaser and her builder are arguing over the terms of their contract. Interpretation of that contract will determine who rightfully holds permanent title. The fact that the parties have contractually agreed to pluck off the petals of this dispute and sort

> through them in arbitration does not change the identity of this action—that is, it does not transform a contract dispute into a maritime action. Characterizing the dispute before us as a "petitory" action for title apart from the underlying contract dispute so that it can become "maritime" and bestow jurisdiction upon this court to determine who holds title while arbitration is in progress is, to say the least, grasping.

M/V Lady Lucille, 963 F.2d at 99; see also Chaney v. M/Y GODSPEED, 2011 WL 13217279, *2 (S.D. Fla. May 19, 2011) ("Count I of the Complaint only seeks to try title of M/Y Godspeed, which is based upon a contract that has no bearing on anything related to admiralty except that M/Y Godspeed is a vessel. That alone does not invoke admiralty jurisdiction. Consequently, Chaney has failed to demonstrate that this Court has subject matter jurisdiction as to Count I." (citation omitted)).

Further, the state court matter (which has since been removed) was brought against Michael Kosterlitz, and not against the vessel at issue. (Doc. #2.) Therefore, pursuant to The Moses Taylor, this leans toward the matter being deemed *in personam*, and within the savings to suitors clause or general common law, neither of which can be removed absent an independent basis of federal subject matter jurisdiction. The Court acknowledges that if a matter is subject to exclusive admiralty jurisdiction, how the plaintiff frames the claim is not necessarily controlling. See Fed. R. Civ. P. 9(h) (providing that a claim cognizable only in the admiralty

or maritime jurisdiction is an admiralty or maritime claim, "whether or not so designated"). Here, however, plaintiff has not named the vessel nor asserted a claim subject to exclusive admiralty jurisdiction of this Court.

The Court finds that defendant has not established that this matter is within the exclusive admiralty subject matter jurisdiction of this Court, and remands the matter to state court.

Accordingly, it is hereby

**ORDERED:**

1. Upon review of the defendant's Response (Doc. #6), the Court finds that it is without subject matter jurisdiction over the matter and **remands** the matter to state court.

2. The Clerk is **directed** to remand the case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Opinion and Order to the Clerk of that Court.

3. The Clerk is further **directed** to terminate all pending motions and deadlines, and to close the case.

**DONE and ORDERED** at Fort Myers, Florida, this 30th day of October, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record